Case number 19-6071. Brian Devereux et al v. Knox County, TN et al. All arguments not to exceed 15 minutes per side. Mr. David S. Wigler for the appellant. Mr. Wigler, you may proceed. Thank you, your honor. May it please the court, I'm David Wigler of the Knox County Bar representing Knox County, Tennessee. I'd like to reserve five minutes for my rebuttal. Very well. I'd like to first discuss the standard for review of the dismissal of the government tort liability claim. The district court certainly had discretion to dismiss the state law claims at the inception of the case and even later before making substantive rulings impacting that state law claim. The district court actually exercised supplemental jurisdiction over the GTLA claim for approximately two and one half years before dismissing it without prejudice on September 11, 2019. By that time, the pretrial deadlines including all discovery had expired. Daubert motions and summary judgment motions had been filed and briefed and the remaining claims in the case, including the GTLA claim, were all set for trial. The district court granted summary judgment and dismissed the federal claims, but dismissed the GTLA claim without prejudice. Approximately one year before dismissing the entire case, however, the district court made a substantive ruling that impacted the GTLA claim. The district court construed the civil rights exception of the GTLA and entered an order holding that the GTLA claim should not be dismissed because the federal civil rights claim against the county had been dismissed for failure to state a claim. That's document 75 in the district court's record. Knox County is entitled to de novo review of this order because the district court's construction of the government tort liability act is a pure question of law. Alternatively, the district court abused its discretion because an error of law is always an abuse of discretion. The district court's opinion created a split of authority with other district courts in Tennessee, implicitly rejected the interpretation of the statute by the Tennessee Court of Appeals and respectfully ignored this court's reported opinion. The only reported decision of this court construing the civil rights exception, the Johnson case. The district court never vacated that opinion when it subsequently a year later dismissed the GTLA claim without prejudice and arguably that earlier ruling became the law of this case or binding on these parties in state court under the doctrine of collateral estoppel. The parties agree that the issue should be submitted to the Tennessee Supreme Court for a final decision resolving the split of authority. Alternatively, Knox County asserts that it's entitled to de novo review of that order because it involved interpretation of the government tort liability act. Again, a pure question of law. At the very least, Knox County asked that this court vacate the district court's order document 75 so that it will have no cases. Turning to the merits of the GTLA civil rights exception, the situation now with this district court's opinion is intolerable. Plaintiff lawyers cannot predict the consequence of filing a lawsuit involving federal civil rights along with the GTLA claim. The substantive law and the municipal sovereign immunity depend on which district judge in our district the case is assigned to. In our joint motion, we cited the overwhelming majority of district court opinions that go the other way, and this opinion is an outlier respectfully. The Knox County law director further my employer has a problem in that we are now ethically required to cite the district court's opinion, even though we believe it's erroneous when we represent employees who are sued along with the county. We have to cite the district of court's opinion because it favors them under the GTLA. Either they get that immunity or the very awkward position of having to raise the district court's opinion on behalf of our employees when they're sued along with the county. It requires us getting separate counsel and getting waiver signed for all for all of our clients, and it's just respectfully, it just created quite a mess. There are only two logical ways to construe the civil rights exception. Either it applies to the allegations of the complaint, as this court in the Tennessee Court of Appeals has held, or the plaintiffs can make alternative pleadings and the civil rights exception applies at trial. In other words, it's something like an election of remedies that they can go to a jury verdict and take their pick, and respectfully, no appellate court, state or federal, has ever gone that far, and the court's opinion in Johnson v. City of Memphis 617 Fed Third 864, that reported decision would reject that interpretation, so it would require en banc review to overrule Johnson and to create that new construction of the civil rights exception. The other problem is that that construction that allows the claims to go to trial, that's not immunity from suit, and this is a sovereign immunity that the county holds. That's immunity from suit. It's not a mere defense to be raised at trial or an alternative pleading that can be brought all the way to trial. There's simply no way to distinguish the court's decision in Johnson, which did involve summary judgment rather than a motion to dismiss. There's no way no principled way to distinguish that because it doesn't matter under the language of the Government Tort Liability Act whether the federal claim has been dismissed for failure to state a claim under Rule 12 or for failure to present evidence in support of the claim under Rule 56. Either way, under this court's decision in Johnson, you look at the allegations of the complaint to the District Court's opinion or interpretation rather was rejected in the only state court appellate decision involving a dismissal of the federal claims for failure to state a claim under Rule 12, and that's Jackson versus Thomas cited in our joint motion and on our briefs. This court would have to predict that the Tennessee Supreme Court, to adopt the District Court's opinion, this court would have to predict that the Supreme Court would overrule Jackson versus Thomas as well as this court's opinion in Johnson and three other appellate court, intermediate appellate court opinions of the Tennessee Court of Appeals, the Siler, Morolla, and Cochran cases, all of which held that you determine sovereign immunity under the civil rights exception from the allegations of the complaint. Let's get back, Counselor, and have you explained to me why Gregory is not an appropriate consideration here? You argue that it cannot be read as creating a categorical rule precluding supplemental jurisdiction over GTLA claims in every case, but it's the question not that it must or that it must not. I mean, aren't we talking about the right of the court to make that decision? The Supreme Court has told us that it wants Tennessee courts to resolve these issues, and I am going to abide by that statement in Tennessee law and send it back down, not because I must, but because I may. Why doesn't that work to allow the court to do so? Well, it would be different, Your Honor, if that had been done at the inception of the case prior to making a ruling that might establish the law of this case or might establish collateral estoppel and actually preclude the state courts from deciding that question de novo. It might have been that Gregory would have been a good basis to suggest the district court should dismiss or remand all of these GTLA claims. But at this point, when the and when summary judgment motions have been filed and decided, at this point, it is completely inequitable to follow Gregory at this point. I understand what you're saying about the district court's decision, but I'm just struggling with why it's not within the power of district court to decide to send it back down. I mean, your argument that is inequitable, I'm asking you a legal question. Why can't the court choose to do that and let the Tennessee courts do what the Tennessee legislature has said it wants them to do? Because the district court in this case has committed an error of law in construing that very statute before dismissing the case without prejudice. So it's a dismissal with a lot of prejudice against the county with no prejudice to the plaintiff. But there is a opinion of the district court, document 75, that construed the statute along the way. And it's our position that once the district court exercises that measure of subject matter jurisdiction over a GTLA claim to actually construe it and to deny a motion to dismiss, that it cannot at that point dismiss it without prejudice and leave the county potentially bound. Didn't the district court also say that it makes no determination on the merits of that claim? I don't believe that the district court certainly did not vacate its prior opinion, and I didn't read any language. I don't believe this goes to the merits of that claim. This ruling did not go to the merits. This goes to the subject matter jurisdiction. I don't believe there's anything in the district court's opinions that would preclude the argument of collateral estoppel or law of the case being established here. Mr. Wiggler, isn't the problem that the district court, in its second opinion, would address the motion for summary judgment? It did not vacate its first order, which was to deny the motion to dismiss. And therefore, its ruling, its erroneous ruling on the motion to dismiss became a final judgment as to the motion to dismiss and its ruling on the summary judgment motion, which it now says, well, I'm going to not exercise supplemental jurisdiction without prejudice. The problem is the district court already exercised its supplemental jurisdiction by ruling on the motion to dismiss. And that first order, I think it's still in effect and it's binding, I think. And that's your argument, right? I've been very careful not to take that position that it is binding. No, you don't want it to be binding. It appears binding to me because the second motion was a summary judgment motion. First one was a motion to dismiss and the second order didn't vacate its first order. In fact, your notice of appeal, you appeal both orders here. That's right. And I think they're both appealable. So let's hear from the other side. You'll have your five minutes rebuttal. Thank you. Okay. Mr. Collins? Yes. Richard Collins on behalf of the Devereux and may it please the court. It's our position that this appeal can and should be disposed of for the simple fact that district court had the discretion under 28 U.S.A. section 1367C to exercise supplemental jurisdiction or to decline to exercise supplemental jurisdiction. You would agree with me that district court did exercise it when it ruled on the motion to dismiss the state law negligent claim in its September 24th, 2018 ruling. And there, the legal reasoning to me is contrary to the Cochran case, Cochran versus town of Jonesboro. And I think it got it wrong. But would you not agree with me, district court exercised supplemental jurisdiction over the state law negligent claim in its first order? Sure. I mean, the court exercised supplemental jurisdiction from the moment. Once it's done that, these cases that you cite that say, well, it's discretionary whether or not a district court chooses to exercise jurisdiction over state law claims, it's their prerogative. We review for abuse of discretion. However, once the district court decides to exercise its discretion and rules on a state law claim, I think our standard review is de novo. I think we rule whether they got it right or not. And here it appears that they got it wrong. Well, I respectfully disagree. I believe that this court must first decide that there was an abuse of discretion when the district court declined to continue to exercise supplemental jurisdiction. And did the district court vacate its earlier order? The second order is on a motion for summary judgment. The first order was on a motion to dismiss the court in the second order. Did they vacate the first one? There was not a vacate. Okay. So then vacate. It's still there, isn't it? The defendant raised the same TGTLA civil rights exception argument in the summary and in the relevant opinion, memorandum of opinion record of 136. The court considered that argument again and said, but here there are good reasons why I think I should exercise my supplemental or decline to exercise supplemental jurisdiction. It considered the argument that no judge, you need to decide this and dismiss it now. And then it went on to consider under 1367, its own discretion and whether or not it was a proper, whether or not it would be proper to decline to exercise supplemental jurisdiction. And now simply because the court had exercised supplemental jurisdiction for a couple of years before reaching that point is really a distinction without a difference, because even Gregory shows us that we can go all the way to trial. And at trial, the district court still has that discretion, that statutory discretion under 1367 to say, I'm not going to exercise supplemental jurisdiction any further. So I think that this court must decide first whether or not the district court abused its discretion. Maybe the argument should be for Mr. Wiggler that the court abused its discretion because it didn't vacate this prior one. Maybe that's the argument, although that's not quite what I'm hearing. And either way, abusive discretion is not as Mr. Wiggler suggests, just an error in the law. We know that's not the case. What the court did here when it exercised its discretion, so it could not have possibly abused it. And in fact, there's three pages devoted of a 15 page opinion devoted solely to this question of whether or not the district court should continue to exercise its supplemental jurisdiction. Now, going back now as to the merits of what do you say about the argument that the erroneous ruling on the state immunity law made in the first order is the law of the case and therefore it's binding on a doctrine of collateral estoppel or law of the case that even though this is now in the state courts, because there is a ruling in this case that that would be binding. Is it your position it is not binding? Well, my position is that the court got it right when it made the observation. That's not my question. My question is, is it your position it's the ruling in the September 24th, 2018 order. Is that law of the case? Is it collateral estoppel for the state court case? Okay. No, because it's the doctrine of law of the case certainly doesn't apply because we hadn't even had an appeal. We're not talking about issues of collateral estoppel because this is the first appeal in the case. So the doctrine of law of the case has no applicability here. Furthermore, the idea of collateral estoppel has no applicability because there's no decision on the merits. Okay. So neither one is going on the issue of law in this case. Okay. But you're making a concession here. So I guess if you win and you go to state court, you won't be able to use this as a ruling that you can rely on. Well, it would be persuasive. It might be cited as persuasive authority, just as many of the state court decisions that agree with judge Greer. I mean, it's not as if there are not that this is some sort of seminal case where judge Greer did something that other courts federal and state have not done before. Okay. So, I mean, it would be persuasive authority and as much as I'm in federal court or in state court, but it's not some controlling, it's not from the Tennessee Supreme Court. But moving on to this idea that, that he, that judge Greer did get it wrong at some point. I don't see that either. I mean, we have a statute here that does not define civil rights and nor does it define what it means to arise out of civil rights. Okay. And so what we, what in my view if we're going to get to the merits of this, if this court determines, for example, that judge Greer abused its discretion, I don't see how substantively Mr. Wiggler's, the county's argument can be reasonably sustained because civil rights is not defined. It follows a long list of intentional torts. There is a Tennessee Supreme Court case, Sally versus Barrett that interprets the very language we're under the doctrine, doctrine of a justum generis there that these vague terms have to, to be interpreted with reference to the class of terms that come before. And there we're dealing with intentional torts. So I just don't, and what, and let's look at what judge Greer actually says. Let's, let's see what he actually said as to the merits page 11 and 12. He cites the section under this section, the phrase arising out of means that a negligence claim has to quote directly flow from the allegations comprising a federal civil rights claim. And then he cites Butler versus city of Inglewood and Sheldon versus Rutherford County, both those cases and say that you look to the allegations in the complaint. And if the negligence claim under state law really flows from the same allegations that are based upon the civil rights claim, then there is immunity. So you have to see if the allegations somehow for the negligence claim are different from the civil rights claim. And I I'm looking at your second amended complaint, your second amended complaint goes through all the allegations and then it has the civil rights count. And then it has the state negligent claim count. You adopt by reference, all the same allegations. And then you just say pursuant to the governmental immunity statute, there's no allegations separate in your complaint, separate from the civil rights allegations. And under all these authorities, if you don't have allegations separate from civil rights, there is immunity. I mean, I don't see how you got an argument on the merits. Well, I think you need to, I think the court needs to distinguish between cases where like the, like the Johnson case, for example, where the, the, the state negligence claim simply cannot be separated from the federal claim involved. Okay. So there are no independent allegations in your complaint. I'm just, I looked at your complaint to see if you actually alleged something independent. You didn't, it's the same allegations for the civil rights claim and the negligence claim that these same facts, but we're construing a generic term civil rights. Okay. So we have to look to the source of the civil rights claim in the fourth amendment context, for example, if this were an intentional tour, if we were, if the claim arose, look at the Johnson case, Johnson versus the Johnson case, where the issue was whether or not the plaintiff's claims of negligence that, that centered on a police dispatcher's failure to alert the police or going to the, the, the, the victim's home that the, that the victim had bipolar disorder. And when they got there, they, they, they, they violated his fourth amendment rights. So it was alleged and they shot and killed the man. Okay. Well there, you cannot separate, you can't say the source of that negligence was something else other than the fourth amendment right against unreasonable search and seizure here. It's true to say that one has a right again, a right to adequate medical care under the eighth amendment. True. But one also has a right to adequate medical care under state law. Okay. And we, in the jail setting and we cite that. So I think that's a distinction that, that, that, that, that must be considered. And now as to, and I still cannot escape the conclusion that where a district court has said, there is no civil rights claim here, then how, how can we logically say that a claim of negligence arose out of a civil right? It, I just don't understand it. But again, I think that, you know, the one reason, for example, I would, it would be misleading for me to suggest that, that this is an easy decision to make. I mean, there are different, there are arguments on both sides of this issue, which is why if the court is inclined to find that judge Gringer abused his discretion in, in declining to exercise supplemental jurisdiction, we would ask for this court to certify the question to the state Supreme court because there is no pronouncement either way. And so again, I think that I don't see how we get around, how we can pre-permit this question of abuse of discretion, just to go straight in to, to grappling with, with the statute. Right. You don't think that you don't think the Tennessee, the Tennessee court of appeals decision in Cochran versus a town of Jonesboro is on point. No, because I think that's an excessive force case. And it goes back to what I've said before, that the same, the same phenomenon you have in Johnson. It, it, those are, those are easier calls because the source of the negligence is a civil right. That's different than what we have here. So respectfully, we believe this panel ought to affirm. And if there's no further questions, I thank you for your time. And also thank you for rescheduling this for me. Thank you. You're very welcome. All right. Any further questions for Mr. Collins? Judge Batchelder? Not for me. Thank you. Judge Grange? Judge Grange? Do you have any questions for? No, I'm sorry. I've, I've had an ambulance outside my window and I thought you all would prefer not to hear it. All right. Well, I hope it's not for somebody in the building. I hope not too. Okay. Mr. Wiggler, you have five minutes rebuttal. Thank you, Your Honor. I'd like to address the summary judgment decision. The district court found that there was no medical proof of causation and damages, and that was the basis for granting summary judgment and dismissing the federal claims. The exact same was true of the state law claim to, to prove negligence under Tennessee law, causation and damages are obviously essential elements. And if there was no medical proof that these employees of Knox County caused any injury by their delay, then the, the state law claim is subject to dismissal on the exact same basis that the federal law claim was subject to dismissal. So Gregory, although certainly a troubling case for our, for our position, when, when summary judgment has been briefed, when we've had appeals in this case up from decisions of the magistrate judge on Daubert and on the sufficiency of pretrial disclosures of on this GTLA claim beyond just the meaning of the government tort liability act, actually addressing the facts on summary judgment. And, and in that circumstance, if there's to be anything of this line of cases the Grover versus Eli Lilly and Briscoe versus fine, which say that we, we have a right of appeal from a dismissal of without prejudice when we've been harmed. If there's to be anything of that line of cases, it should certainly apply here. We're simply applying the very same reasoning from the same order on summary judgment to the additional state law claim would result in a complete dismissal. We believe that Knox County is entitled to that. This, the first issue though, the, the construction of the cases that we encourage the court to consider certifying the certifying that question, you could pre, you could preterm it the issue in this case by, by reversing and granting summary judgment, ordering the district court to grant summary judgment on the state law claim. Uh, but, uh, we urge the court to allow the Tennessee Supreme court once and for all to decide this question of state law, uh, so that, so that we don't have to, uh, and plaintiff's attorneys also don't have to suffer the situation, uh, in future cases. We, this is a repetitive question that comes up in many, many cases. Okay. Do you agree that the Cochran decision of the Tennessee court of appeals is on point? I do. I, and, and three others. I think the Jackson case. Okay. Are there published opinions that go against Cochran? Unfortunately, the court of appeals publishes very few of their opinions and none of them in this area have been published. Well, except Cochran Cochran is published, right? Uh, I believe it was unreported. No. Um, unless I'm mistaken, there's no question that it post dated the district court's order, right? I don't post dated the district court's order. I think that it predated the district court's order. I know that the Siler case did, and that was the first of the three court of appeals decisions. All right. Well, Cochran Cochran is, is, is found at five 86 Southwest. Second, uh, eight, eight 98, uh, by all indications to the, that I have it's published. I apologize. It's my understanding that, that published opinions in Tennessee are binding precedent and no, it's, it also was rendered after it was, it was, it post dated. I'm pretty sure of the decision. Yeah, I apologize. It's, uh, it's well, let's say no, it's February. It is February 20th, 19, 2019. And the second order is September 11th, 2019. So actually it is the first order then, but not the second. Okay. That's right. Okay. The first order came out without the benefit of he doesn't refer to Cochran. Okay. The question is Mr. Wiggler, uh, about certifying. I mean, I, I only see one published court of appeals decision in Tennessee on point and, uh, it's in your favor. Why, why, why do it without, without a conflict within, within the court of appeals in Tennessee? Why, why do we certify this to the Supreme court? The only answer I have for you at the time we prepared that joint motion, Cochran must not have been published. I know we cited it, but I recall citing three unreported decisions of the court of appeals. Sure. Okay. All right. Very good. I see you're out of time. Judge Batchelder, do you have a questions? I do not. And judge scratch. Do you have some more questions? No, thank you. All right. Uh, thank you very much counsel for your arguments. Uh, we appreciate it. Uh, the case will be submitted and you may adjourn court. This honorable court is now adjourned.